RUNNELS et al v. BURTON.

No. 33487. Feb. 7, 1950.

*214 P. 2d 709.*

Busby, Harrell & Trice, of Ada, Freeman, Wolfe & Keith, of Sherman, Tex., and Charles A. Simms, of Seminole, for plaintiffs in error.

Geo. C. Crump and Carver & Cook, all of Wewoka, for defendant in error.

HALLEY, J. Eliza Burton died testate on January 16, 1947, in Seminole county, where she had been a resident for more than 40 years. Her will was admitted to probate by the county court of said county, and her husband, W. R. Burton, was appointed executor. Several of her nieces and nephews who had objected to admitting the will to probate appealed to the district court, where, after a trial, the will was again admitted to probate and the judgment of the county court sustained. The contestants have appealed to this court. The plaintiffs in error will be referred to as plaintiffs or contestants, and the defendant in error as defendant or proponent.

The only issues in dispute between the contestants and the proponent, as stated in plaintiffs' brief, are:

First. Was the deceased competent to make a will; that is, did she have testamentary capacity?

Second. Was the influence of Burton (her hubsand) over her so great that it would overcome such testamentary capacity as to render said purported will invalid?

These are fact questions and are to be determined from the evidence produced before the district judge.

The plaintiffs contend that Eliza Burton lacked testamentary capacity because of her excessive use of intoxicating liquor. The evidence showed that the will was executed on February 1, 1943, and that Mrs. Burton was 77 years of age at the time; that she was a large woman with a strong and forceful personality, possessed of rare business acumen, and had accumulated a large estate through her own efforts. She had lived with her husand for 19 years at the time the will was executed and for 23 years at the time of her death. The evidence did show that she was a heavy drinker and that in 1939 she was placed in a private sanitarium for treatment, and that she was declared incompetent in the county court of Seminole county and her husband was made her guardian. The order to this effect was entered June 3, 1939. She remained in the hospital for approximately eleven months, and for a period of time was completely irrational. She was released from the hospital in May, 1940, and her competency was restored by an order of the county court of Seminole county on May 14, 1940, in which order it was found that she had fully recovered from her illness and was capable of looking after her own affairs. She took full charge of her estate and proceeded to carry on in the manner that she had prior to her hospitalization. She borrowed large sums of money at the bank with which she did business. She built an apartment house. There was evidence that she did not drink for more than a year after she returned from the hospital, but that she did resume her whisky drinking.

There is considerable conflict in the evidence about the exent of her drinking, but the evidence is very clear that at the time Mrs. Burton executed the will on February 1, 1943, she was sober and had not been drinking. It was testified by her lawyer that he and Mrs. Burton very carefully went into the details of this will on January 31, 1943, having before them a will he had drawn for her in 1936. There can be no question but that the will of 1943 was drawn in conformity with her wishes. The will was witnessed by her banker and by her druggist, at her request. These men testified not only as to her sobriety at the time of the execution of the will, but also as to her testamentary capacity. These two gentlemen were

highly reputable citizens of the city of Seminole. Another highly reputable witness, a lawyer of Wewoka, testified that he had known Eliza Burton for 30 years and that he saw her shortly before the month of February, 1943, and had a long conversation with her in her home in the fall of 1942, and that she was fully competent and knew the nature and consequences of her acts. There were 13 witnesses for the proponent and 12 for the contestants. While most of the contestants' witnesses testified that they did not think the testatrix had testamentary capacity at the time of the execution of the will, their testimony was not as convincing as that of the proponent's witnesses. Undoubtedly Mrs. Burton was a heavy drinker, but we are of the opinion that she was sober the greater part of the time, and was so when the will was executed.

The plaintiffs failed to establish undue influence upon the part of the husband. Some of their own witnesses would not go so far as to say that he was able to influence her in the matter of making a will.

We think the case of In re DeVine's Estate, 188 Okla. 422, 109 P. 2d 1078, is very similar to this case, and should be followed. That was a case in which the testator was addicted to the use of alcoholic beverages, as here. We quote from that opinion:

"In a case of this nature, the principal question for determination is the mental capacity of the testator at the time of making his will. The fact that he is habitually intoxicated does not render the will invalid, if he had the requisite understanding at the time he made it. In re Anderson's Estate, 142 Okla. 197, 286 P. 17; 28 R.C.L. 95. In determining the mental status of the testator the presumption of sanity will be indulged, and where the will appears to be a rational act performed in a rational manner, such presumption and such apparently rational act amounts to evidence of testamentary capacity. In re Free's Estate, 181 Okla. 564, 75 P. 2d 476; In re Mason's Estate, 185 Okla. 278, 91 P. 2d 657."

The finding of the trial court in this case that the testatrix had the requisite testamentary capacity to make her will is not clearly against the weight of the evidence, but in fact is sustained by the evidence. There is no substantial evidence of undue influence or domination which in any way affected the disposition of the testatrix's property.

This is a case of purely equitable cognizance, and we have examined the entire record and have weighed the evidence, and the findings and judgment of the trial court are not clearly against the weight of the evidence.

The judgment is affirmed.